UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY A. SERMENO, | No. 2:16-cv-2423 JAM KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| STU SHERMAN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

Petitioner challenges his 2012 conviction in Butte County, and claims that the attorney appointed to represent him in the juvenile court proceedings was ineffective, and such ineffectiveness renders the subsequent proceedings void and unenforceable. While not entirely clear, it appears that petitioner contends he should have been allowed to argue that his son, Noah, served as a strong mitigating circumstance that would require a more lenient determination of fitness, entitling petitioner to be rehabilitated in the juvenile justice system, rather than tried as an adult.

1

Petitioner appears to allege state law violations by the state juvenile court arising from his juvenile fitness hearing. However, a federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Federal habeas corpus relief "does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); McGuire, 502 U.S. at 67; see also Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."). Accordingly, it appears that petitioner's claims are not cognizable in this proceeding.

Nor is this result changed by petitioner's reference to due process. (ECF No. 1 at 33.) Petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997); see also Little v. Crawford, 449 F.3d 1075, 1083 n.6 (9th Cir. 2006) ("'We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question.'" (citation omitted)).

Moreover, petitioner's claims appear to be unexhausted. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). Here, petitioner states that his claims are pending in the California Supreme Court. (ECF No. 1 at 15.)

Finally, the instant habeas petition was filed with the court on October 11, 2016. The court's own records reveal that on November 20, 2014, petitioner filed a habeas petition

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

challenging his 2012 conviction, which is presently pending. Sermeno v. Spearman, No. 2:14-cv-2729 DB (E.D. Cal.).[2]  In order to avoid the dismissal of a subsequent habeas petition as successive, 28 U.S.C. § 2244(b)(3), petitioner must raise all challenges to his 2012 criminal conviction in one federal habeas petition.  Thus, petitioner may seek leave to amend his petition in Case No. 2:14-cv-2729 DB.  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (if a new petition is filed when a previous habeas petition is still pending before the district court without a decision having been rendered, then the new petition should be construed as a motion to amend the pending petition).  However, court records reflect that petitioner filed an amended petition on September 16, 2015; therefore, petitioner must seek leave of court in Case No. 2:14-cv-2729 DB to file any amended petition challenging the 2012 conviction.  Fed. R. Civ. P. 15(a).

For all of the above reasons, the undersigned recommends that this action be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that petitioner's request to proceed in forma pauperis is granted; and

IT IS RECOMMENDED that this action be dismissed without prejudice.  See Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 5, 2017

serm2423.114

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).